Cecile M. LESCS; Richard A. Last, Deceased by Cecile M. Lescs next of kin and power of attorney; Estate of Richard A. Last, by Cecile N. Lescs, Executrix, Plaintiffs—Appellants,

v.

MARTINSBURG POLICE DEPARTMENT; Wayne Cleveland; Theodore Anderson; George Smartwood; Glenn Macher; City of Martinsburg, Incorporated; Mark S. Baldwin; George Karos; Max Parkinson; United States Postal Service; William Wilmoth; James Wright; Janet Reno; United States Department of Justice; John Moran; Raymond West; Louis Freeh; Federal Bureau of Investigation; Wells Morrison; Veterans Administration; Hershel Gober, Acting Secre-

tary, Veterans Affairs; Togo D. West, Secretary Veterans Affairs; Martinsburg Medical Center; George Moore, Director; Richard Pell; the Postmaster General of the United States; Henrri Jamioy Quistial; Jane Doe; John O'Neill; Dale Watson; Bob Blitzer; Mark T. Calloway; William J. Clinton; John Ashcroft, United States Attorney General, Defendants—Appellees.

No. 04–2515.

United States Court of Appeals, Fourth Circuit.

Submitted: May 27, 2005.

Decided: July 11, 2005.

Cecile M. Lescs, Appellant pro se. Tracey Brown Eberling, Steptoe & Johnson, Martinsburg, West Virginia; Daniel W. Dickinson, Jr., Office of the United States Attorney, Wheeling, West Virginia; Beverly M. Russell, Kathleen M. Frye, Office of the United States Attorney, Washington, D.C., for Appellees.

Before WILKINSON, WILLIAMS, and MICHAEL, Circuit Judges.

Affirmed by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Cecile M. Lescs appeals the district court's order dismissing her civil action alleging claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), the Privacy Act, the Freedom of Information Act, and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Lescs asserts the dis-

trict court erred by granting dismissal or summary judgment to all Defendants without granting her motion for class action certification, allowing her to proceed to discovery, or "hearing evidence about the TIPS Program." Because our review of the record convinces us there is no reversible error, we affirm.

■ Lescs, proceeding pro se, sought certification for the class of all plaintiffs in court cases against Dow Chemical Company who were harassed by federal and state action in violation of RICO. A refusal to certify a class is reviewed for abuse of discretion. *Stott v. Haworth,* 916 F.2d 134, 139 (4th Cir.1990). Moreover, it is plain error to certify a class when a pro se litigant seeks to represent the class. *Oxendine v. Williams,* 509 F.2d 1405, 1407 (4th Cir.1975). We find the district court did not abuse its discretion by failing to certify the class.

■ We likewise find the district court did not abuse its discretion by refusing to allow discovery, *see Harrods Ltd. v. Sixty Internet Domain Names,* 302 F.3d 214, 245–46 (4th Cir.2002), or otherwise err by dismissing this action prior to discovery or trial. The district court was required to rule on Defendants' dispositive motion to dismiss or for summary judgment raising sovereign and qualified immunity issues prior to allowing any discovery. *See Harlow v. Fitzgerald,* 457 U.S. 800, 817–18, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). Moreover, we find Defendants' motion was properly granted prior to trial. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Accordingly, we deny the motion of the Martinsburg Defendants to dismiss them as parties as moot and affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*